Joseph C. GRAVES, Jr., et al., Appellants,

v.

SECURITY TRUST COMPANY et al.,
Appellees.

Court of Appeals of Kentucky.

June 21, 1963.

F. Selby Hurst, Lexington, for appellants.

Rufus Lisle, Harbison, Kessinger, Lisle & Bush, Lexington, for appellees.

LAWRENCE S. GRAUMAN, Special Commissioner.

Joseph C. Graves, Jr., and George K. Graves, III, individually and as committee for Kate C. Graves, an incompetent person, instituted this action in the Fayette Circuit Court against Security Trust Company, its President, its Secretary and its Treasurer. The action is a class suit by the appellants as shareholders of the appellee, Security Trust Company of Lexington, Kentucky, a Kentucky corporation.

A merger was proposed between Security Trust Company and First National Bank & Trust Company of Lexington, Kentucky.

12 U.S.C.A. § 215 requires the affirmative vote of two-thirds of the outstanding capital stock of the Security Trust Company (hereinafter called "Security") to effect the consolidation. There are 40,000 shares of capital stock of Security outstanding and two-thirds thereof is 26,667. For the merger 31,688 shares of stock were voted; against, 7,300. Of the shares of stock voted for the merger, 9,347 were held by Security in a fiduciary capacity. Without the affirmative vote of these shares the requisite two-thirds vote of all of the outstanding shares could not be obtained.

In this action the appellants, shareholders of Security, question the right of Security to vote the shares held in its fiduciary capacity. Appellants contend that it would be illegal for the 9,347 shares held and owned by Security as executor, administrator and trustee to be considered for the purpose of determining the number of shares of stock voted in favor of the consolidation. Appellants further allege that if the merger is allowed to stand the value of their shares will diminish and the amount of dividends they receive will diminish. There is no allegation of fraud on the part of Security or any of its officers. It appears that the appellants are quarreling with the business judgment of Security.

It is provided by KRS 271.135 with reference to every corporation organized under Chapter 271:

"Shares of its own capital stock belonging to the corporation shall not be voted upon directly or indirectly."

It is this one sentence upon which appellants primarily rely to support their contention that stock of Security to which Security holds legal title in a fiduciary capacity may not be voted at a meeting of shareholders.

Though Security is organized under Chapter 287 (relating to banks and trust companies) rather than Chapter 271, KRS 271.015 provides as follows:

"This chapter shall apply to any corporation formed under the laws of this

state unless either the statutes relating to a corporation of that kind are inconsistent with this chapter or state that the provisions of this chapter do not apply to it."

Under the terms of KRS 386.025 a state bank or trust company empowered to act as a fiduciary is expressly authorized to receive and hold, under specified circumstances, shares of its own stock as an investment for an estate or trust under its management. KRS 271.315(4) provides that a person holding shares in a fiduciary capacity "may vote the same in person or by proxy." KRS 287.220(1) secures to banks and trust companies, when acting in a fiduciary capacity, the same rights and powers as are allowed to an individual exercising a similar trust. We are of the opinion that these statutory provisions clearly authorize Security to vote stock properly held by it in its fiduciary capacity. Were they inconsistent with KRS 271.135, the latter section would be rendered inapplicable by KRS 271.015. The fact is, however, that they are not inconsistent, because it is our opinion that, within the meaning of KRS 271.135, stock held in a fiduciary capacity does not "belong" to the individual or institution which happens to be the trustee. The entities are separate. Hence KRS 271.135 simply is not applicable.

This case was thoroughly considered by the learned chancellor, who delivered a written opinion overruling the appellee's motion to dismiss for lack of jurisdiction and sustaining the appellee's motion to dismiss for failure to state a cause of action. In his opinion the chancellor cited numerous authorities which uphold his ruling.

After carefully considering the various contentions made by the appellants and all of the authorities cited, we are of the opinion that KRS 271.135 does not prevent a corporate fiduciary from voting stock in its own corporation which it holds in a fiduciary capacity, and that stock held in a trust by a corporate fiduciary belongs to the trust estate and not to the fiduciary. The stock which Security holds in its fiduciary capacity does not constitute any part of its corporate estate.

We are convinced after reading the record and studying the cases submitted by the appellants and the appellees that the judgment entered by the Fayette Circuit Court is correct, and, therefore, should be affirmed.

The opinion is approved by the Court and the judgment is affirmed.